■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GREEN, Appellant.—Judgment, Supreme Court, New York County, dated August 4, 1976, convicting defendant of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of imprisonment of 25 years to life and 7½ to 15 years, is affirmed. We note that CPL 200.20 (subd 2, par [b]) authorizes joinder of offenses where "such offenses, or the criminal transactions underlying them, are of such nature that *either* proof of the first offense would be material and admissible as evidence in chief upon trial of the second, *or* proof of the second would be material and admissible as evidence in chief upon a trial of the first" (emphasis added). Concur—Kupferman, J. P., Lane, Markewich and Silverman, JJ.

Sandler, J., dissents in part in a memorandum, as follows: The defendant and a codefendant, John Charles, had been charged by a Grand Jury with the crime of robbery in the first degree. On January 27, 1975, the codefendant entered a plea of guilty and made statements in connection with the plea inculpating the defendant. The defendant was informed of this development. On the same evening his codefendant John Charles was shot to death. Thereafter, an indictment was filed charging the defendant with murder in connection with this death as well as the robbery for which he had been previously indicted. Motions to sever the robbery counts from the murder indictment were denied and the case proceeded to trial. The defendant was convicted of murder in the second degree and robbery in the first degree and sentenced to concurrent indeterminate prison terms of from 25 years to life on the murder count and 7½ to 15 years on the robbery count. Although there was a colorable statutory basis for joining both charges in a single indictment, CPL 200.20 (subd 2, par [b]), I think it obvious that the defendant could not have received a fair verdict on the robbery charge from a jury permitted to hear and consider that his codefendant had inculpated him in connection with that charge and that he had thereafter shot and killed his codefendant. Nor do I see any merit in the thesis urged by the District Attorney that the killing had probative value with regard to the defendant's consciousness of guilt of the robbery. Whatever legitimate relevance the homicide-connected evidence had to the robbery was surely far outweighed by the overwhelming prejudicial impact of that dramatic event. Moreover, the information that the codefendant had inculpated the

defendant on the robbery, admissible as to the homicide, was clearly inadmissible and irreparably prejudicial to a fair consideration of the robbery count. The defendant's further claim that the joint trial prejudiced him with regard to the homicide charge presents a much closer question. As to the homicide, it was clearly proper for the jury to hear evidence that the defendant had been indicted for robbery with a codefendant, that the codefendant had pleaded guilty and inculpated the defendant, and that this fact was made known to the defendant. Given these facts I doubt very much that evidence confirming the defendant's guilt of the robbery was necessary or appropriate to establish his motive for killing his codefendant. On the other hand, given the information which the jury had a clear right to receive with regard to the homicide, I doubt that this evidence can fairly be evaluated as prejudicial under the circumstances. Accordingly, I agree with the majority of the court that the conviction for murder may properly be affirmed. I strongly disagree with the affirmance of the robbery conviction which seems to me to place our approval upon a conviction that is offensive to our basic understanding of the concept of a fair trial.