OPINION OF THE COURT
Richard C. Failla, J.
The defendant, Daryl Reavis, was arrested on October 23, 1987, and arraigned in Criminal Court on October 26, 1987, at which time bail was set. The defendant posted bail and was released. On the next court date, October 29, 1987, the defendant failed to appear in court; a bench warrant was ordered and its execution stayed until November 16, 1987. On Novem *121 ber 16, 1987, the defendant again failed to appear and a bench warrant was issued for his arrest. On April 3, 1989, the defendant was returned on the warrant and arraigned on indictment number 9980/87 charging criminal possession of a forged instrument in the second degree (Penal Law § 170.25); criminal possession of stolen property in the fourth degree (Penal Law § 165.45); and criminal possession of a forged instrument in the third degree (Penal Law § 170.20). On April 24, 1989, this matter was initially conferenced with this court.
On August 11, 1989, the defendant was indicted for the crime of bail jumping in the second degree (Penal Law § 215.56). Under this indictment, number 8981/89, the defendant is accused of voluntarily absenting himself from court in excess of 30 days in connection with indictment number 9980/87. He pleaded not guilty to the new charge on September 5, 1989.
On September 11, 1989, the People filed a motion to consolidate these two indictments for trial. On or about October 2, 1989, the defendant filed his response in opposition. The court’s decision on this motion has since been held in abeyance based on the belief of the parties that these matters would be disposed of by plea. It now appearing that a disposition by plea is not forthcoming, the People’s motion is decided as follows:
The People submit that these indictments are joinable pursuant to CPL 200.20 (4) and 200.20 (2) (b) to the extent that "[e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first” (CPL 200.20 [2] [b]). They argue that proof of the bail jumping charge, that is the defendant’s flight and failure to appear in court, is admissible on the forgery indictment as evidence of the defendant’s consciousness of guilt. Similarly, the People argue that proof of the forgery charges is admissible on the bail jumping charge insofar as they are obligated to establish that the defendant was required to appear personally in connection with a specific pending felony charge. (See, Penal Law § 215.56; 3 CJI[NY] PL 215.56, at 1624.)
It should be noted that neither the People nor the defendant have provided the court with any case law deciding *122 whether consolidation lies under the circumstances at bar. This court also has not uncovered any New York case directly on point. There are, however, analogous situations where joinder, or a refusal to sever, has been upheld. For example, in People v Glover (134 AD2d 448 [2d Dept 1987]), the defendant was charged with, inter alia, robbery in the first and second degrees arising out of an incident on November 1, 1983. At the conclusion of a lineup held 10 days later, the defendant was arrested. He then attempted to escape from the precinct, but was subdued before he was able to reach the street. The Second Department held that the trial court "properly denied the defendant’s motion for severance of the attempted escape charge from the robbery charges since evidence of the attempted escape was relevant and material on the issue of the defendant’s consciousness of guilt as to the robbery and evidence of robbery was material and admissible to establish an element of attempted escape.” (Supra, at 449.) Such is the People’s argument here.
In addition, in People v Green (67 AD2d 866 [1st Dept 1979]), the First Department upheld, under CPL 200.20 (2) (b), the denial of the defendant’s motion to sever a robbery charge from a murder charge. In Green, the defendant and a codefendant were indicted for robbery in the first degree. Thereafter, the codefendant entered a plea of guilty to the charge during which proceeding he made statements inculpating the defendant. Later in the day on which the defendant was informed of this development, the codefendant was shot to death. A subsequent indictment was later filed charging the defendant with both the murder of his codefendant as well as the original robbery. Here too, the District Attorney argued that the "killing had probative value with regard to the defendant’s consciousness of guilt of the robbery”; a proposition that the majority of the court affirmed. (Supra, at 866 [dissenting opn].)
Noteworthy also is the fact that our Federal courts routinely uphold the propriety of a single trial for both bail jumping charges and the criminal charges from which the bail jumping allegations stem. (See, e.g., United States v Brozyna, 571 F2d 742, 747 [2d Cir 1978]; United States v Ritch, 583 F2d 1179, 1181 [1st Cir], cert denied 439 US 970 [1978]; United States v Bourassa, 411 F2d 69, 74 [10th Cir], cert denied 396 US 915 [1969].) While these courts all rely on Federal Rules of *123 Criminal Procedure, rule 8 (a)[1] in approving the joint trial, the rationale underlying the courts’ decisions is precisely that which the People are urging upon this court in the instant case.
The Brozyna court specifically notes that the defendant was not likely to show " 'substantial prejudice and that the trial judge abused his discretion in refusing to sever’ * * * where \'proof at separate trials would largely overlap.’ ” (United States v Brozyna, 571 F2d, at 747, supra, citing United States v McGrath, 558 F2d 1102, 1106 [2d Cir 1977] [emphasis added].) In other words, ''proof of [the defendant’s] bail jumping would have been admissible at a separate trial on the [original charge] because evidence of flight is admissible to prove the accused’s consciousness of guilt.” (571 F2d, at 747, citing United States v Malizia, 503 F2d 578, 582-583 [2d Cir 1974], cert denied 420 US 912 [1975]; United States v Ayala, 307 F2d 574, 576 [2d Cir 1962].) The Second Circuit went on to say that evidence of the original charges would be admissible at a separate trial on the bail jumping count because it supplies the defendant’s motive for bail jumping and tends to prove willfulness.[2] (571 F2d, at 747.)
The First Circuit in Ritch (583 F2d 1179, supra) has also remarked upon the consistency with which the Federal courts ''[h]ave held that evidence of flight is admissible, from which the jury may draw an inference of the defendant’s consciousness of guilt.” (583 F2d, at 1181, citing United States v Schwartz, 535 F2d 160, 165 [2d Cir 1976], cert denied 430 US 906 [1977]; United States v Rowan, 518 F2d 685, 691 [6th Cir], cert denied sub nom. Jackson v United States, 423 US 949 [1975]; United States v Bourassa, 411 F2d, at 74, supra; Hanks v United States, 388 F2d 171, 175 [10th Cir], cert denied 393 *124 US 863 [1968]; United States v Accardi, 342 F2d 697, 700 [2d Cir], cert denied 382 US 954 [1965].) "Thus, since the facts concerning [defendant’s] failure to appear for trial would have been admissible at trial of the [original] charges in any event, no prejudice arose from joinder of the offenses.” (583 F2d, at 1181, citing United States v Bourassa, 411 F2d, at 74, supra.)
The Tenth Circuit in Bourassa (supra) itself stated that "[w]hile bail jumping was a separate offense, proof of it was not prejudicial in the [original] case where flight was a circumstance that might be considered in determining guilt.” (411 F2d, at 74, citing Hanks v United States, 388 F2d 171 [10th Cir], cert denied 393 US 863 [1968], supra; Burroughs v United States, 365 F2d 431 [10th Cir 1966].) Continuing, that court held further that "[i]n any event in separate trials of each case some reference to the basic facts of the other case would have been permitted so that if consolidation was improper, it was harmless error.” (411 F2d, at 74-75, citing Fed Rules Crim Pro, rule 52 [a]; United States v Kelley, 105 F2d 912, 916-917 [2d Cir 1939].)
It therefore follows that the defendant’s fundamental right to a fair trial, a trial free of undue prejudice, would not be compromised by the joinder of the forgery indictment with the bail jumping indictment, and that proof of the forgery would be admissible as evidence in the trial of the bail jumping charge and that proof of the bail jump would be admissible as evidence of the defendant’s consciousness of guilt in the trial of the forgery charge. In addition, a fair and equitable administration of justice renders consolidation appropriate. The expense and burden of multiple prosecutions are eliminated, while no prejudice inures to the detriment of the defendant. Accordingly, it is hereby ordered that the People’s motion to consolidate indictment number 9980/87 and indictment number 8981/89 for trial is granted.

. Federal Rules of Criminal Procedure, rule 8 (a) states, in relevant part, that "[t]wo or more offenses may be charged in the same indictment * * * if the offenses charged * * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.”

. This is, of course, not to suggest that willfulness is an element of Penal Law § 215.56; however, to the extent that the Federal courts define willfully as voluntarily and with the purpose of violating the law, and not by mistake, accident, or in good faith (see, United States v Bourassa, 411 F2d 69, 74), the term is applicable to the charge of bail jumping. In addition, proof of motive is an appropriate factor for the People to establish and for the State jury to consider when deliberating. (See, e.g., 1 CJI[NY] 12.15, at 703.)