■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED LEWIS, Appellant. [741 NYS2d 760] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered October 1, 1999, convicting defendant after a jury trial of, inter alia, unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing defendant's conviction of assault in the third degree under the fourth count of the indictment to the lesser included offense of attempted assault in the third degree and by vacating the certification of defendant as a sex offender and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Erie County, for sentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of unlawful imprisonment in the second degree (Penal Law § 135.05) and assault in the third degree (§ 120.00 [1]). We agree that the evidence of physical injury is legally insufficient to sustain the assault conviction. Penal Law § 10.00 (9) defines physical injury as "impairment of physical condition or substantial pain." "While the Penal Law * * * requires no particular degree of physical impairment or substantial pain * * *, there must be evidence establishing the one or the other" (*People v McDowell*, 28 NY2d 373, 375). Here, although the victim testified that defendant choked her, leaving red marks on her neck, the People failed to present evidence establishing either physical impairment or substantial pain (*cf. People v Bogan*, 70 NY2d 860, *rearg denied* 70 NY2d 951; *People v Delph*, 269 AD2d 218, *lv denied* 94 NY2d 947; *People v Brown*, 243 AD2d 749, 749-750; *People v Daniels*, 159 AD2d 631, *lv denied* 76 NY2d 786). She did not receive any medical treatment and did not testify that she suffered any pain (*cf. Matter of Scott QQ.*, 187 AD2d 867). We therefore modify the judgment by reducing defendant's conviction of assault in the third degree under the fourth count of the indictment to the lesser included offense of attempted assault in the third degree (*see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court, Erie County, for sentencing on that count.

In addition, as the People commendably concede, Supreme Court erred in certifying defendant as a sex offender under the Sex Offender Registration Act (Correction Law art 6-C) based upon defendant's conviction of unlawful imprisonment in the second degree. Because the victim here was not less than 17 years old, that conviction was not for a "sex offense" within the meaning of Correction Law § 168-a (2) (a). We therefore further modify the judgment by vacating the certification of defen-

dant as a sex offender. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.