■ The People of the State of New York, Respondent, v Thomas Gregory, Appellant. [897 NYS2d 665]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered February 21, 2008. The order determined that defendant is a level one risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and defendant's

risk level determination pursuant to the Sex Offender Registration Act is vacated.

Memorandum: On appeal from an order determining him to be a level one risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 *et seq.*), defendant contends in his main brief and pro se supplemental brief that the classification proceeding was time-barred. We agree.

Defendant was convicted of sexual abuse in the first degree (Penal Law § 130.65 [3]) in February 1991 and he received a sentence of probation of five years, which expired in February 1996. SORA became effective in January 1996, and thus defendant was a sex offender required to register under SORA (*see* Correction Law § 168-g [2]; *Doe v Pataki*, 120 F3d 1263 [1997], *cert denied* 522 US 1122 [1998]). It was not until June 13, 2007, however, that defendant was notified that he was required to register, and he was instructed to appear in Supreme Court.

We reject defendant's contention that the six-year statute of limitations in CPLR 213 applies to this SORA classification proceeding. Article 6-C of the Correction Law has its own time limits for SORA classification proceedings, and thus CPLR 213 does not apply (*see* CPLR 213 [1]). We conclude, however, that vacatur of defendant's risk level determination is appropriate. Although Correction Law § 168-*l* (8) expressly provides that a failure by the court "to render a determination within the time period specified in [article 6-C] shall not affect the obligation of the sex offender to register," we conclude that the 11-year delay is " 'so outrageously arbitrary as to constitute [a] gross abuse of governmental authority' " (*People v Wilkes*, 53 AD3d 1073, 1074 [2008], *lv denied* 11 NY3d 710 [2008]; *cf. People v Sgroi*, 22 Misc 3d 902, 905-906 [2008]). We therefore reverse the order and vacate defendant's risk level determination.

Based on our determination, we see no need to address the remaining contention of defendant in his pro se supplemental brief. Present—Scudder, P.J., Centra, Carni and Pine, JJ.