*545 OPINION OF THE COURT
Kenneth R. Fisher, J.
Respondent/defendant Division of Criminal Justice Services (Division or defendant) makes this motion for summary judgment. The essential facts in this case are undisputed. Petitioner/ plaintiff (plaintiff) was convicted in 1991 of sexual abuse in the first degree (Penal Law § 130.65), and was sentenced on February 26, 1991, to five years of probation. In 1995, the New York Legislature enacted the Sex Offender Registration Act of 1995 (SORA or the Act), effective January 21, 1996, codified under Correction Law § 168 et seq. Conviction of any of the enumerated sex offenses automatically classifies an individual as a “sex offender.” (Correction Law § 168-a [1].) “All ‘sex offenders’ must comply with the mandatory minimal registration and notification requirements of the statute.” (People v Stevens, 91 NY2d 270, 275 [1998], citing Correction Law § 168-d [1]; see also § 168-a [1], [2].) The law is applicable to plaintiff, even though he was convicted prior to its enactment. (See Doe v Pataki, 120 F3d 1263 [2d Cir 1997] [holding that application of the registration and notification provisions of SORA to persons who committed their offenses prior to the effective date of the Act does not violate the Ex Post Facto Clause].) Pursuant to Correction Law, a sex offender is defined as an individual convicted of certain enumerated crimes found in section 168-a, which includes Penal Law § 130.65. (Correction Law § 168-a [1].) Sexual abuse in the first degree is further defined under the statute as a sexually violent offense. (Correction Law § 168-a [3] [a] [i].)
“The Act also creates a Board of Examiners of Sex Offenders to ‘develop guidelines and procedures to assess the risk of a repeat offense by such sex offender and the threat posed to the public safety’ (Correction Law § 168-/ [5]). The guidelines encompass nine categories that include mental abnormalities or illness, substance abuse history, criminal history and indicia of risk and reoffense, treatment, behavior and victim impact statements {see, id.). The Board submits its recommendation to the sentencing court ‘providing for one of... three levels of notification’ commensurate with the risk of reoffense (see, Correction Law § 168-/ [6] . . . ).” (People v Stevens, 91 NY2d at 275 [1998].)
On June 13, 2007, plaintiff received notification from the Division of Criminal Justice Services that as a result of his 1991 *546 conviction, he was required to register as a sex offender. In a proceeding on February 21, 2008, plaintiff was adjudged a sex offender and assigned a notification level of one. The court’s finding of level one accorded with the recommendation of the Board of Examiners.
Plaintiff appealed and on March 26, 2010, the Appellate Division held that the six-year statute of limitations in CPLR 213 does not apply to a SORA classification but that “vacatur of defendant’s risk level determination is appropriate.” (People v Gregory, 71 AD3d 1559, 1560 [4th Dept 2010].) In that decision, the Appellate Division stated, “defendant contends in his main brief and pro se supplemental brief that the classification proceeding was time-barred,” and the court agreed. (People v Gregory, 71 AD3d at 1560 [4th Dept 2010].) The Fourth Department explained:
“Although Correction Law § 168-Z (8) expressly provides that a failure by the court ‘to render a determination within the time period specified in [article 6-C] shall not affect the obligation of the sex offender to register,’ we conclude that the 11-year delay is ‘ “so outrageously arbitrary as to constitute [a] gross abuse of governmental authority.” ’ We therefore reverse the order and vacate defendant’s risk level determination.” (People v Gregory, 71 AD3d at 1560 [citations omitted].)
On December 17, 2010, plaintiff was notified by the Division that he was still obligated to register as a sex offender.
In moving for summary judgment, the Division argues that the Appellate Division could only reverse plaintiffs risk level determination because that was the only issue actually decided by the court. The Division argues, citing Correction Law § 168-d (2), that “at the risk determination hearing, [the] court does not consider whether or not a sex offender is required to continue to register under SORA, it only determines the risk level, the duration of registration and the court designation of ‘sexual predator’ or ‘sexually violent offender.’ ” (Affirmation of Benjamin A. Bruce, Mar. 14, 2012, 1i 14.) Rather, according to the Division, plaintiffs “obligation to register was imposed by statute not by judicial determination and therefore was not subject to reversal on appellate review. Moreover, the petitioner’s conviction has not been reversed or pardoned therefore, the petitioner is required to register even though he has no risk assessment.” (Affirmation of Benjamin A. Bruce, Mar. 14, 2012, 1127.)
*547 Moreover, the Division maintains that there are no due process concerns triggered by the registration requirements that plaintiff is subject to in this case. Plaintiff has not been designated as “sexually violent offender” or “sexual predator.” (See People v David W., 95 NY2d 130 [2000].)
In response, plaintiff argues that the Appellate Division “order relieves him of all obligations in regards to the Division of Criminal Justice Services including a registration requirement.” (Affidavit and mem of law and reply of Thomas E Gregory, Jr., Apr. 23, 2012 [Gregory aff], at 4.) Plaintiff contends that the differing interpretation of the Appellate Division’s order must be resolved by this court. (Gregory aff at 4, and see at 5.) According to plaintiff, he does not seek clarification of the statute, but rather “a judicial declaration on the construction of, and effect on the parties, of an Appellate Court’s Order which reversed a lower court’s decision.” (Gregory aff at 5, 1i 3, and see H1i 6, 7.) In response to the Division’s summary judgment motion, plaintiff has abandoned any constitutional questions, specifically rejecting this court’s February 3, 2012, characterization of this action as raising due process concerns, and avers that “[t]his declaratory judgment action is clearly limited to a question on the construction of the language contained within the Appellate Court’s Order and the effect of the Appellate Court’s Order upon the parties.” (Gregory aff at 6, lili 10-11.)
This court concludes that by the plain language of the March 26, 2010 decision the Appellate Division vacated only the risk level classificátion assigned to plaintiff. (People v Gregory, 71 AD3d at 1560 [“We therefore reverse the order and vacate defendant’s risk level determination”].) Plaintiff remains a sex offender under the statute and is required to comply with the registration requirements attendant to that status. Correction Law § 168-h (1) provides for a 20-year registration requirement, even where no risk level has been assigned: “The duration of registration and verification for a sex offender . . . who has not yet received a risk level classification, shall be annually for a period of twenty years from the initial date of registration.” Section 168-f provides additional obligations as to sex offenders without reference to a specific notification level. (Correction Law § 168-f [2] [a], [b], [c]; [4].) This section sets forth additional requirements if one has a level one, two or three designation provided. (§ 168-f [2] [b-1], [b-2], [b-3].) Accordingly, giving effect to the whole of the statute as the court must (Matter of Bliss v Bliss, 66 NY2d 382, 388-389 [1985]; McKinney’s *548 Cons Laws of NY, Book 1, Statutes § 231), the court accepts the Division’s interpretation of the statute.
While plaintiff is correct that “both registrability and risk level are decided by a court [see Correction Law § 168-d (1) (a); § 168-n (2)]” (People v Liden, 19 NY3d 271, 275 [May 3, 2012]), the Appellate Division did not vacate his registration requirement, i.e., his certification as a sex offender, though plaintiff then sought that relief. Plaintiff makes it apparent that the question of vacatur of the registration requirement, as well as his classification level were before the Appellate Division. In his “Appellant’s Pro Se Supplemental Brief,”[1] plaintiff specifically sought an order from the Appellate Division that he be relieved of registering as a sex offender. (Gregory aff at 23,1i 103.) “This court should find that in both law and equity the defendant is not subject to registration under the SORA and reverse the order of the lower court, and further order defendant’s name removed from the sex offender registry.” (Gregory aff at 23, 1i 103.)
Contrary to plaintiff’s contention, however, this requested relief does not match “almost exactly” the lower court’s decision. Despite that the question of registration was before the court, the Appellate Division vacated only his risk level determination. The Appellate Division did not order his name removed from the sex offender registry or find that he was not subject to registration. (See e.g. People v Frisco Mktg. of NY LLC, 93 AD3d 1352, 1353 [4th Dept 2012] [“failure to rule on the cross motion is deemed a denial thereof”]; Perrin v Chase Equip. Leasing, Inc., 9 AD3d 839, 841 [4th Dept 2004] [failure to rule is deemed a denial].) While plaintiff brings this action under a different index number, the Appellate Division’s decision in People v Gregory (71 AD3d 1559 [2010]) is binding as the Appellate Division could have, but did not, vacate that part of Supreme Court’s order certifying defendant as a sex offender under SORA. This result is consistent with the Second Department’s decision in People v Wyatt (89 AD3d 112, 125 [2d Dept 2011]), in which it was observed, “While SORA allows ‘[a]ny sex offender’ to petition for modification, as a practical matter, no relief is available to a risk level one sex offender, who is already classified in the lowest designation and had no statutory right to petition for complete relief from registration.” (Citation omitted.) That our *549 Appellate Division reversed plaintiffs classification puts him in no better position to obtain complete relief from registration. (See also People v Kindred, 71 AD3d 1418 [4th Dept 2010] [“Defendant is ineligible for relief from SORA’s registration requirements because he has not yet been registered as a sex offender for the requisite 20 years pursuant to Correction Law § 168-h (1)”].)
The Appellate Division, in appropriate circumstances, has vacated the certification of the defendant as a sex offender. In People v Lewis (294 AD2d 847 [4th Dept 2002]), the Appellate Division vacated that defendant’s certification as sex offender which was based upon defendant’s conviction under Penal Law § 135.05, unlawful imprisonment in the second degree. The Appellate Division held, “[b]ecause the victim here was not less than 17 years old, that conviction was not for a ‘sex offense’ within the meaning of Correction Law § 168-a (2) (a). We therefore further modify the judgment by vacating the certification of defendant as a sex offender.” (People v Lewis, 294 AD2d at 847-848.)
In this case, there is no question that plaintiffs conviction under Penal Law § 130.65, sexual abuse in the first degree, qualifies as a “sex offense” and is in fact specifically designated as a “sexually violent offense” under the statute. (Correction Law § 168-a [3] [a] [i].) Thus, the Appellate Division left plaintiffs sex offender certification in place.
Moreover, the Appellate Division’s determination to vacate only plaintiff s risk level determination is consistent with the Correction Law’s explicit separation of the registration requirement and risk level classification.[2] It is the duty of the court that “upon conviction of any of the offenses set forth in subdivision two or three of section one hundred sixty-eight-a of this article the court shall certify that the person is a sex offender.” (Correction Law § 168-d [1] [a] [emphasis supplied].) Registration consists of “a statement in writing signed by the sex offender giving the information that is required by the division and division shall enter the information into an appropriate electronic data base or file.” (Correction Law § 168-i.)
In a separate section of the statute, the Board is empowered to make a recommendation to the court to provide for one of *550 “three levels of notification depending upon the degree of risk of re-offense by the sex offender.” (Correction Law § 168-Z [6].) And, “the sentencing court shall also make a determination with respect to the level of notification, after receiving a recommendation from the board . . . .” (Correction Law § 168-n [2].) What the division and law enforcement agencies may do as far as disseminating information pertaining to the sex offender is specifically spelled out in the statute at section 168-Z (6) (a) to (c) with reporting requirements increasing for each level.
In accordance with the above, the Division’s motion for summary judgment declaring that plaintiff is required to register as a sex offender pursuant to Correction Law § 168-f is granted.

. Submitted by plaintiff to the Appellate Division in People v Gregory, excerpted here into plaintiffs affidavit and memorandum of law and reply of Thomas E Gregory, Jr. (Apr. 23, 2012, at 23, H 103.)

. As noted, the Court of Appeals recently made it very clear the court makes a determination as to whether a defendant is a sex offender under the statute and a separate determination of the appropriate risk level. (People v Liden, 19 NY3d 271 [2012].)