■ In the Matter of THOMAS GREGORY, Appellant, v NEW YORK EXECUTIVE DEPARTMENT, DIVISION OF CRIMINAL JUSTICE SERVICES, Respondent, et al., Defendants. [974 NYS2d 851]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered May 24, 2012. The judgment granted the motion of defendant New York Executive Department, Division of Criminal Justice Services, Sean M. Byrne, Acting Commissioner for summary judgment declaring that plaintiff is required to register as a sex offender pursuant to Correction Law § 168-f.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner (hereafter, plaintiff) commenced this CPLR article 78 proceeding, which was thereafter converted to a declaratory judgment action by Supreme Court, contending that he was not required to register as a sex offender pursuant to Correction Law § 168-f. On a prior appeal from an order in his SORA classification proceeding determining that he was a level one risk, this Court vacated plaintiff's risk level determination, concluding that the People's 11-year delay in notifying him that he was required to register as a sex offender was "so outrageously arbitrary as to constitute [a] gross abuse of governmental authority" (*People v Gregory*, 71 AD3d 1559, 1560 [2010] [internal quotation marks omitted]). Thereafter, defendant New York Executive Department, Division of Criminal Justice Services (Division) notified plaintiff that he was still required to register as a sex offender, and this action ensued. Plaintiff now appeals from a judgment that, inter alia, granted the Division's motion for summary judgment declaring that he is required to register as a sex offender pursuant to Correction Law § 168-f. We affirm.

Contrary to plaintiff's contention, this Court previously vacated only his risk level classification (*Gregory*, 71 AD3d at

1560). Our prior order thus eliminated the requirement of community notification (*see* Correction Law § 168-d [3]), but did not disturb plaintiff's obligation *to* register as a sex offender with the Division (*see* §§ 168-f [2]; 168-i). Plaintiff was required to register as a sex offender as a result of his 1991 conviction (*see* § 168-a [1]), and he remained obligated to register for a period of 20 years (*see* § 168-h [1]; *see also People v Kindred*, 71 AD3d 1418, 1418 [2010]).

In view of our determination, we do not address plaintiff's remaining contentions. Present—Scudder, P.J., Centra, Carni, Lindley and Sconiers, JJ.