# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1037

CA 13-00227

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THOMAS GREGORY,
PLAINTIFF-APPELLANT,

V                                                            MEMORANDUM AND ORDER

NEW YORK EXECUTIVE DEPARTMENT, DIVISION OF
CRIMINAL JUSTICE SERVICES, SEAN M. BYRNE,
ACTING COMMISSIONER, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

THOMAS GREGORY, PLAINTIFF-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Kenneth R. Fisher, J.), entered May 24, 2012. The judgment granted
the motion of defendant New York Executive Department, Division of
Criminal Justice Services, Sean M. Byrne, Acting Commissioner for
summary judgment declaring that plaintiff is required to register as a
sex offender pursuant to Correction Law § 168-f.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner (hereafter, plaintiff) commenced this
CPLR article 78 proceeding, which was thereafter converted to a
declaratory judgment action by Supreme Court, contending that he was
not required to register as a sex offender pursuant to Correction Law
§ 168-f. On a prior appeal from an order in his SORA classification
proceeding determining that he was a level one risk, this Court
vacated plaintiff's risk level determination, concluding that the
People's 11-year delay in notifying him that he was required to
register as a sex offender was "so outrageously arbitrary as to
constitute [a] gross abuse of governmental authority" (*People v
Gregory*, 71 AD3d 1559, 1560 [internal quotation marks omitted]).
Thereafter, defendant New York Executive Department, Division of
Criminal Justice Services (Division) notified plaintiff that he was
still required to register as a sex offender, and this action ensued.
Plaintiff now appeals from a judgment that, inter alia, granted the
Division's motion for summary judgment declaring that he is required
to register as a sex offender pursuant to Correction Law § 168-f. We
affirm.

Contrary to plaintiff's contention, this Court previously vacated only his risk level classification (*Gregory*, 71 AD3d at 1560).  Our prior order thus eliminated the requirement of community notification (*see* Correction Law § 168-d [3]), but did not disturb plaintiff's obligation to register as a sex offender with the Division (*see* §§ 168-f [2]; 168-i).  Plaintiff was required to register as a sex offender as a result of his 1991 conviction (*see* § 168-a [1]), and he remained obligated to register for a period of 20 years (*see* § 168-h [1]; *see also People v Kindred*, 71 AD3d 1418, 1418).

In view of our determination, we do not address plaintiff's remaining contentions.

Entered:  November 15, 2013                     Frances E. Cafarell
                                                Clerk of the Court