People v Welles (2022 NY Slip Op 51151(U))

[*1]

People v Welles (James)

2022 NY Slip Op 51151(U) [77 Misc 3d 129(A)]

Decided on November 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570598/19

The People of the State of New
York, Respondent,
against
James Welles, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York,
New York County (Robert Rosenthal, J.), dated July 25, 2019, which, after a hearing,
adjudicated him a level one sex offender, pursuant to the Sex Offender Registration Act
(Correction Law art 6-C).

Per Curiam.
Order (Robert Rosenthal, J.), dated July 25, 2019, affirmed.
The delay between the underlying attempted possessing a sexual performance by a
child conviction (see Penal Law §§ 110.00, 263.16) and the SORA
hearing did not violate defendant's right to due process. Correction Law §
168—l(8) provides that a failure by a state or local agency to act or by a court to
render a determination within the time period specified by the Sex Offender Registration
Act shall not affect the obligation of a sex offender to register or verify under SORA, nor
shall such failure prevent a court from making a determination regarding the sex
offender's level of notification. SORA is regulatory rather than criminal in nature and, as
such, "the due process protections required for a risk level classification proceeding are
not as extensive as those required in a plenary criminal or civil trial" (People v Baxin,
26 NY3d 6, 10 [2015] [internal quotation marks omitted]). Considering that
defendant was already under a lifelong obligation to register as a Tier III sex offender in
Louisiana, as a result of a 2006 federal conviction for the transportation and possession
of child pornography (see
People v Gallagher, 129 AD3d 1252, 1253 [2015], lv denied 26 NY3d
908 [2015]), we conclude that the delay herein was not "so outrageously arbitrary as to
constitute a gross abuse of governmental authority" (People v Gonzalez, 138 AD3d 814, 815 [2016], lv
denied 27 NY3d 913 [2016]; see People v Lumpkin, 168 AD3d 1111, 1112 [2019],
lv denied 33 NY3d 907 [2019]; compare People v Gregory, 71 AD3d 1559, 1560
[2010]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: November 22, 2022