■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN MABEE, Appellant. [875 NYS2d 900]—Appeal by the defendant from an order of the County Court, Orange County (De Rosa, J.), dated September 5, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and David L. Rich is relieved as counsel for the appellant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Michael G. Paul, 120 North Main Street, Suite 203, New City, N.Y., 10956, is assigned as counsel to perfect the appeal from the order dated September 5, 2007; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to new counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute this appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect to, inter alia, whether the defendant was properly assessed 20

points because he was a stranger to the victim (*see People v Geier* 56 AD3d 539 [2008]; *People v McGraw,* 24 AD3d 525 [2005]), whether the defendant was properly assessed 15 points for a history of alcohol and substance abuse evidenced solely by the case summary, whether the defendant was properly assessed 15 points for a failure to accept responsibility for the offense coupled with an expulsion from sex offender treatment, and whether the defendant should be granted a discretionary downward departure from his presumptive risk level. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.