■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EATON, Appellant. [946 NYS2d 869]—Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered April 14, 2011, which, after a hearing, designated him a level three sex offender and a predicate sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the defendant.

Ordered that the motion of John F. Ryan for leave to withdraw as counsel for the appellant is granted, John F. Ryan is relieved of his assignment to prosecute the appeal on behalf of the appellant, and John F. Ryan is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y., 10128, is assigned as counsel to perfect the appeal from the order entered April 14, 2011; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to new counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the People shall serve and file their brief within 120 days of the date of this decision and order on motion; by prior decision and order on motion of this Court dated August 10, 2011, the defendant's motion for leave to prosecute the appeal as a poor person was denied as unnecessary, as the appellant was granted leave to proceed as a poor person in the County Court and, pursuant to Correction Law § 168-n (3), his status as a poor person and the counsel assigned to represent

him before the County Court, Westchester County, continues on appeal and it was ordered that the appeal would be heard on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist with respect to, inter alia, whether the County Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive risk level (*see People v Palmer*, 87 AD3d 628, 629 [2011]; *People v Mabee*, 61 AD3d 662, 662-663 [2009]). Accordingly, the assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]). Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.