OPINION OF THE COURT
Patrick D. Monserrate, J.
The question at hand during the trial of the referenced indictment — involving charges of rape in the first degree (Penal Law § 130.35 [1]) and kidnapping in the second degree (Penal Law § 135.20) — is at what point in the proceedings is it required/appropriate for a trial court to effectuate New York’s "merger rule” by dismissing the kidnapping charge. (People v *773 Levy, 15 NY2d 159 [1965]; People v Lombardi, 20 NY2d 266 [1967].)
After listening to the evidence in the case, the court is convinced beyond peradventure that the facts here — an alleged street-side abduction for the purpose of and resulting in an alleged forcible rape occurring in the defendant’s vehicle some few minutes/miles thereafter — place the matter squarely within the ambit of the rule.
For over 20 years it has been the law of the State of New York — by judicial fiat rather than through the legislative process — that, as a general principle,[1] offenders may not stand convicted for kidnapping when that charge is combined with another (usually rape, robbery, or assault) which actually provides the flavor for the criminal enterprise more so than the incidental technical kidnapping.[2]
The expressed rationale for the rule is that the restraint or abduction of the victim as a means to accomplishing the "essential” crime is so incidental thereto as to merge with it and should not, as a matter of policy, be the basis for separate conviction/punishment. (People v Cassidy, 40 NY2d 763 [1976].)
Clear though the policy direction would seem to be, it does not offer guidance as to when the rule should be activated: in the Grand Jury, after the People’s case, at the close of the evidence, following the verdict?
Defense counsel contends that the motion to dismiss should be granted, at the latest, after the close of the evidence, lest the defendant face the prejudice of having the jury instructed by the court that he can be legally convicted for both crimes with which he stands charged while all parties (save the jury) know that such is not the law.
The District Attorney counters that the motion to dismiss should be granted, at the earliest, only after the jury has returned guilty verdicts on both charges, lest the People be prejudiced by having the jury acquit the defendant on the rape and be precluded from considering the kidnapping.
*774 The court hereby determines that the only procedure which affords to the People their full day in court with respect to the charges filed by the Grand Jury against the defendant, while still giving him the benefit of the rule of law to which the Court of Appeals holds he is entitled, is to submit both charges to the trial jury for their consideration and determination.
If the defendant is acquitted of both charges, the discussion is academic.
If he is convicted only of rape or only of kidnapping, the issue is rendered moot because in the former circumstance, the jury has preemptively disposed of the kidnapping charge, while in the latter instance there is no second crime into which the kidnapping conviction could be said to have merged.
It is only when, and if, the defendant is found guilty of both rape and kidnapping that the court need act — on timely motion — to set aside the kidnapping conviction as being inappropriate under the State’s "merger rule” (though otherwise proper under the Penal Law, the Criminal Procedure Law, and the trial evidence).
Through such a process both parties are left free to seek full appellate review of the actions of court and jury. The defendant may appeal from his rape conviction and sentence (CPL 450.10 [1], [2]); the People, if they be so advised, may cross-appeal from the dismissal of the kidnapping charge (CPL 450.20 [3]), perhaps with a view that in the interim — or perhaps through their appeal — the appellate courts might be persuaded that the usefulness of the merger rule may have been outlived in its entirety[3] in light of the State Legislature’s enlightened 1967 revision of the Penal Law whereby the potential punishment for the crime of rape was made the equivalent of that for kidnapping.

. Subject to exceptions not pertinent here (see, e.g., People v Miles, 23 NY2d 527 [1969]).

. The need for judicial intervention in this area of the law was to discourage the perceived prosecutorial practice of trying to "balloon” the potential severity of sentences for rape, robbery, and/or assault offenses by combining them with a kidnapping charge (and hopeful conviction) since, under the Penal Law prior to its 1967 revision, the latter was punishable by substantially more than any of the former.

. Some courts having already determined that the merger rule is inapplicable to offenses linked with a charge of kidnapping in the first degree (Penal Law § 135.25 [3]; People v Pellott, 105 AD2d 223 [2d Dept 1984]) — though others continue to apply the rule in such cases (People v Graham, 69 AD2d 544 [3d Dept 1979]).