■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETRA REDDA, Also Known as BETRE REDDA, Appellant.—Judgment, Supreme Court, Bronx County (Peggy Bernheim, J.), rendered February 9, 1987, convicting defendant, after a jury trial, of attempted rape in the first degree, and sentencing him to an indeterminate prison term of from four to twelve years, unanimously affirmed.

The evidence was more than sufficient to sustain defendant's conviction of attempted rape in the first degree. At approximately midnight on July 25, 1985, defendant's cab was hailed in Greenwich Village. The eighteen-year-old complainant, who was extremely intoxicated, was helped into the back seat of the cab by a male friend, while another friend asked defendant to make sure she got home okay, gave defendant the young woman's uptown Manhattan address, and handed him a $10 bill. At about 1:00 A.M., as police officers were driving southbound on Bailey Avenue in the Bronx, they noticed a cab double-parked with its emergency flashers on and a male black in the back seat facing the passenger side. As the officers approached the cab, defendant quickly alighted from the cab, zipped up his pants and attempted to fasten them. The officers then saw the complainant sprawled out on the back seat of the cab. She was unconscious and her underpants were pulled down to her thighs. On the floor of the cab, there were pants, socks and shoes covered with vomit. Defendant told the police that the complainant was his friend and he was trying to clean her up. Defendant's underpants were tested and revealed the presence of spermatozoa. However, tests performed on the complainant did not reveal the presence of spermatozoa.

Contrary to defendant's unpreserved argument on appeal, the court did not abuse its discretion in admitting defendant's underwear and related expert testimony, since such evidence was relevant to the issues at trial *(People v Allweiss,* 48 NY2d

40, 50). The fact that the age of the semen stain could not be determined merely goes to the weight of such evidence (see, People v Jones, 69 NY2d 853). Accordingly, we also reject defendant's argument that his counsel was incompetent for failing to seek suppression of the underwear.

Defendant also contends that the court committed reversible error in its instructions to the jury regarding the charges of kidnapping in the second degree and attempted rape in the first degree. Initially, the court instructed the jury that it should consider these charges in the alternative. During jury deliberations, the court received notes indicating that the jury was having trouble with the kidnapping charge. Out of the presence of the jury, the court informed counsel that it believed that the charge of kidnapping merged with the substantive crime of attempted rape. The court reinstructed the jury to consider the kidnapping and rape charges concurrently. The jury found defendant guilty of kidnapping in the second degree and attempted rape in the first degree. Pursuant to defendant's motion to set aside the verdict the court set aside the verdict of kidnapping in the second degree.

There is nothing in the record to substantiate defendant's argument that the court's inconsistent instructions caused the jury to reach a compromise verdict on the attempted rape charge. Indeed, the fact that the jury convicted defendant of both rape and kidnapping indicates that the jury was not so swayed by the court's revision of its initial instructions. Furthermore, the court did not err by failing to dismiss the second degree kidnapping charge at the time it *sua sponte* held that the kidnapping charge merged with the attempted rape charge (People v Poladian, 138 Misc 2d 772, 774 [County Ct, Broome County]). Thus, we also reject defendant's argument that his attorney was incompetent for failing to move to preclude submission of the kidnapping charge to the jury.

Defendant's remaining contentions regarding his attorney's alleged ineffective assistance of counsel have been considered and found to be without merit as well. The outcome of the trial would have been exactly the same even if the attorney's alleged errors had not been committed (see, People v Alexander, 162 AD2d 164).

Finally, the court did not abuse its discretion in imposing sentence. Concur—Carro, J. P., Milonas, Ellerin and Rubin, JJ.