■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MCGRAW, Appellant. [808 NYS2d 276]—

Appeal by the defendant from an order of the County Court, Westchester County (Walker, J.), entered April 13, 2004, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C, upon a finding assessing him 90 points.

Ordered that the order is reversed, on the law, without costs

or disbursements, and the defendant is reclassified as a level one sex offender.

On January 23, 1986, after being convicted of sexual assault in the first degree and burglary in the second degree in the State of Connecticut, the defendant was sentenced to prison there. He was released in 1992 and completed his probation in 1997 without any violations.

After the defendant moved to New York in 2003, the Board of Examiners of Sex Offenders (hereinafter the Board) determined that he was required to register as a sex offender. The Board subsequently found that under the Sex Offender Registration Act (hereinafter SORA) Guidelines (see Correction Law art 6-C) the defendant should be assessed 90 points. It found, inter alia, that the defendant had assaulted a stranger and, thus, it was required to assess him 20 points under risk factor 7 of the SORA Guidelines.

At the defendant's SORA hearing, the County Court agreed with the Board, finding that the defendant should be assessed a total of 90 points, making him a level two offender. It agreed, inter alia, that the defendant should be assessed 20 points under risk factor 7 of the SORA Guidelines, as determined by the Board. This assessment of 20 points under risk factor 7 was error.

At the hearing, the People were required to prove by clear and convincing evidence that the defendant and the victim were strangers to each other in order for the court to assess the defendant 20 points for risk factor 7 (see People v Smith, 5 AD3d 752 [2004]; People v Hampton, 300 AD2d 641 [2002]). The People failed to do so.

The proof relied on, the probation report and the Board's case summary, shows that the defendant and the victim were not strangers. The victim acknowledged that her family helped the defendant out with furniture when he moved in and that he was a good friend of her nephew. She also was able to identify him by name to the police. Under these circumstances, the proof was insufficient to show by clear and convincing evidence that the defendant was a stranger to the victim under the SORA Guidelines for risk factor 7.

Thus, the County Court erred in assessing the defendant 20 points under risk factor 7. Subtracting those 20 points from the total of 90 assessed by the County Court brings the defendant down to 70 points, placing his point range within that of a level one offender.

In light of this determination we need not reach the parties'

remaining contentions. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.