■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MILKS, Appellant. [815 NYS2d 384]—

Appeal from an order of the Supreme Court, Erie County (Joseph S. Forma, J.), dated January 5, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant contends that Supreme Court incorrectly assessed five points against him under risk factor nine based on the fact that he had a "prior" "criminal history" not involving sex crimes or felonies. We agree, and we further agree with defendant that, in the absence of those five points, the total points assessed against him do not reach the minimum necessary for a level three risk. With respect to risk factor nine, the SORA Risk Assessment Guidelines and Commentary (at 14 [Nov. 1997]) provides that a sex offender's "concurrent or subsequent criminal history is not covered by this category, [although] it may be the basis for an upward departure if it provides reason to believe that the offender poses an increased risk to public safety." Here, defendant was convicted of the underlying sex crime in 1991 and released from prison in 1997, but the "criminal history" considered by the court under risk factor nine concerned acts committed in 1999 and a conviction entered in 2000. The record thus does not contain the requisite clear and convincing evidence supporting the assessment of five points under risk factor nine (*see generally* Correction Law § 168-n [3]), and the court erred in determining that defendant is a level three risk (*see generally People v McGraw*, 24 AD3d 525, 526 [2005]; *People v Whalen*, 22 AD3d 900, 902 [2005]). We therefore modify the order by determining that defendant is a level two risk. Under the circumstances, it is unnecessary for us to consider defendant's alternative contention. We also do not consider the People's contention that defendant's subsequent criminal history warrants an upward departure from risk level two to risk level three inasmuch as that contention is raised for the first time on appeal. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.