■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WILKES, Appellant. [862 NYS2d 232]—

Appeal from an order of the Supreme Court, Erie County (M. William Boller, A.J.), entered April 30, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining

that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant was convicted in July 1987 of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), and he was sentenced to an indeterminate term of incarceration of 4 to 12 years. Although a SORA hearing was scheduled upon defendant's conditional release in 1997, defendant did not appear at the hearing because he had been reincarcerated as the result of a parole violation. Following defendant's conditional release in 1998, defendant was arrested later that year. He was then convicted of attempted rape in the first degree in 1999 based on that arrest and was sentenced to an additional term of incarceration. A SORA hearing was scheduled to be held in 2004, but Supreme Court determined that it was premature to determine defendant's risk level for the 1987 conviction because defendant remained incarcerated on the 1999 conviction. In February 2007, the court conducted a SORA hearing with respect to the 1987 conviction and determined that defendant is a level three risk.

Contrary to the contention of defendant, he was not denied his right to due process based on the nine-year delay between his conditional release in 1998 and his final SORA determination in 2007. It is well settled that SORA is regulatory rather than criminal in nature and is not intended to serve as a form of punishment (see People v Stevens, 91 NY2d 270, 274-275 [1998]; People v Clark, 261 AD2d 97, 100 [2000], lv denied 95 NY2d 833 [2000]). Although pursuant to Correction Law § 168-n (2) the court shall make a SORA risk level determination within "thirty calendar days prior to the discharge, parole or release" of the sex offender, Correction Law § 168-l (8) provides that "[a] failure by . . . a court to render a determination within the time period specified in this article shall not affect the obligation of the sex offender to register . . . under this article nor shall such failure prevent a court from making a determination regarding the sex offender's level of notification." Here, the court's nine-year delay in determining defendant's risk level based on the 1987 conviction was beyond the statutory time period, but we conclude that defendant was not denied his right to due process inasmuch as the delay was occasioned by his rearrest and subsequent conviction on another rape charge. Thus, the delay was not "so outrageously arbitrary as to constitute gross abuse of governmental authority" (People v Meyers, 16 Misc 3d 115, 118 [2007]; see generally County of Sacramento v Lewis, 523 US 833, 845-847 [1998]).

We agree with defendant that the court erred in relying on his subsequent 1999 conviction to invoke a presumptive over-

ride (*see generally People v Milks*, 28 AD3d 1163 [2006]), and that the court further erred in failing to set forth the findings of fact and conclusions of law upon which its determination was based, as required by Correction Law § 168-n (3). We conclude, however, that the court properly determined that defendant is a level three risk. The record is sufficient to permit this Court to make its own findings of fact and conclusions of law (*see People v Pardo*, 50 AD3d 992 [2008]; *cf. People v Millar*, 39 AD3d 1181 [2007]). Here, defendant was presumptively classified as a level three risk based on the total risk factor score on the risk assessment instrument, and the People presented clear and convincing evidence to support the level three classification by submitting, inter alia, the case summary and the presentence report (*see Pardo*, 50 AD3d 992 [2008]; *see also People v Craig*, 45 AD3d 1365 [2007], *lv denied* 10 NY3d 702 [2008]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.