(June 27, 2013)

■ The People of the State of New York, Respondent, v Jose Galindo, Appellant. [967 NYS2d 726]—

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about October 4, 2011, which adjudicated defendant a level three sex sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant should have been assessed 15 points, instead of 30, for a prior robbery committed in Pennsylvania. The risk assessment guidelines define a "violent felony," warranting 30 points under risk factor 9, as having the same meaning as in Penal Law § 70.02 (1), and the People do not dispute that defendant's

Pennsylvania robbery conviction would have constituted only third-degree robbery in New York, an offense not listed in Penal Law § 70.02 (1). Nevertheless, the record shows that the conduct underlying defendant's foreign conviction was within the scope of a New York felony offense, warranting the assessment of 15 points under risk factor 9 (*see generally Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 752 [2007]).

In any event, even without assessing points for a felony conviction of any kind, the record supports the court's discretionary upward departure to level three. Clear and convincing evidence established aggravating factors that were not otherwise adequately taken into account by the risk assessment guidelines (*see e.g. People v Larkin*, 66 AD3d 592 [1st Dept 2009], *lv denied* 14 NY3d 704 [2010]). The underlying sex crime was very serious, as was the Pennsylvania incident, which had a sexual component. Defendant has demonstrated a high risk of sexual recidivism, which outweighs the mitigating factors he cites. Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.