*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    518822
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DANIEL L. HARP,
                        Appellant.
_____


Calendar Date:   March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

_____


        Abbie Goldbas, Utica, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

_____


Peters, P.J.

        Appeal from an order of the County Court of Otsego County
(Burns, J.), entered December 20, 2013, which classified
defendant as a risk level III sex offender and a sexually violent
offender pursuant to the Sex Offender Registration Act.

        Following a jury trial, defendant was convicted of two
counts each of course of sexual conduct against a child in the
second degree and endangering the welfare of a child.  In
anticipation of his release from prison, the Board of Examiners
of Sex Offenders presumptively classified defendant as a risk
level III sex offender, assessing a total of 110 points on the
risk assessment instrument.  Following a hearing, County Court
classified defendant as a risk level III sex offender and a
sexually violent offender.  Defendant now appeals.

We affirm.  Initially, although County Court failed to set forth its findings of fact and conclusions of law, as required by Correction Law § 168-n (3), remittal is unnecessary as the court's oral findings "are clear, supported by the record and sufficiently detailed to permit intelligent review" (People v Pavlisak, 115 AD3d 1132, 1132-1133 [2014], lv denied 23 NY3d 907 [2014]; see People v Carter, 106 AD3d 1202, 1202 [2013]). Defendant challenges the 15 points assessed under the history of alcohol abuse category on the risk assessment instrument.  "An offender who has a substance abuse history or was abusing drugs and/or alcohol at the time of the offense may be assessed points" (People v Clavette, 96 AD3d 1178, 1179 [2012], lv denied 20 NY3d 851 [2012] [citation omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; People v Roberts, 108 AD3d 947, 948 [2013], lv denied 22 NY3d 852 [2013]). Here, the assessment of points was supported by clear and convincing evidence in the record, including information in the case summary that defendant admittedly abused alcohol during the time period that his course of sexual contact with the victims was ongoing and that he was recommended for an alcohol abuse treatment program while in prison (see People v Englant, 118 AD3d 1289, 1289 [2014]; People v Mundo, 98 AD3d 1292, 1293 [2012], lv denied 20 NY3d 855 [2013]).  Finally, although there is some confusion as to whether County Court assessed defendant an additional 10 points for failing to accept responsibility, presumptively raising his total score from 110 points to 120 points, both scores lie within the risk level III category. Accordingly, we decline to disturb the classification of defendant as a risk level III sex offender.

Egan Jr., Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court