*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                        519374
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

JOSEPH GALLAGHER,
                        Appellant.
_____

Calendar Date:  April 24, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                        _____


        Linda M. Campbell, Syracuse, for appellant.

        William G. Gabor, District Attorney, Wampsville (Elizabeth
S. Healy of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from an order of the County Court of Madison County
(McDermott, J.), entered March 3, 2014, which classified
defendant as a risk level III sex offender pursuant to the Sex
Offender Registration Act.

        In 1994, defendant was convicted following a jury trial of
sodomy in the third degree.  He was thereafter sentenced as a
second felony offender to an aggregate prison term of 2 to 4
years, to run consecutively with a 4 to 8-year sentence imposed
upon his 1993 conviction of two counts of sodomy in the third
degree.  In anticipation of his release from prison in 2002, a
hearing was held pursuant to the Sex Offender Registration Act
(see Correction Law art 6-C) to determine defendant's risk level
with regard to his 1993 conviction; no such hearing was held at

the time with regard to defendant's 1994 conviction.  Following the hearing, defendant was classified as a risk level III sex offender and was conditionally released on parole shortly thereafter.  In 2005, defendant's parole was revoked upon his convictions of various non-sex crimes, and he was again sentenced to a term of imprisonment.

Prior to his release from prison in 2014, the Board of Examiners of Sex Offenders learned that a risk level determination was never undertaken with regard to defendant's 1994 sodomy conviction and, accordingly, prepared a risk assessment instrument regarding that crime.  Although the 100 points assessed therein classified defendant as a risk level II sex offender, the Board noted that his prior felony conviction for a sex offense constituted an override factor presumptively subjecting him to a risk level III classification.  Defendant moved to dismiss the instant risk level classification proceeding on the ground that the more than 11-year delay in rendering a risk level determination on the 1994 conviction would operate to violate his right to due process.  Following a hearing, County Court issued a written order adopting the People's recommendation and classifying defendant as a risk level III sex offender with regard to the 1994 conviction.  Defendant appeals.

Defendant was not denied his right to due process as a result of the delay between his conditional release in 2002 and the 2014 classification proceeding relating to his 1994 conviction.  "It is well settled that SORA is regulatory rather than criminal in nature and is not intended to serve as a form of punishment" (People v Wilkes, 53 AD3d 1073, 1074 [2008], lv denied 11 NY3d 710 [2008] [citation omitted]; see People v Gravino, 14 NY3d 546, 556-557 [2010]; People v Stevens, 91 NY2d 270, 275 [1998]).  As such, "the due process protections required for a risk level classification proceeding are not as extensive as those required in a plenary criminal or civil trial" (Doe v Pataki, 3 F Supp 2d 456, 470 [1998] [internal quotation marks and citation omitted]; accord People v Akinpelu, 126 AD3d 1451, 1452 [2015]; People v Gutierrez-Lucero, 103 AD3d 89, 98 [2012], lv dismissed 20 NY3d 1094 [2013]).  Notably, while Correction Law article 6-C requires that the Board make a risk level classification recommendation to the sentencing court and that

the court, in turn, render a risk level determination within a specified time prior to the sex offender's discharge or release (see Correction Law §§ 168-l [6]; 168-n [2]), the Legislature has directed that the failure to do so within the time periods specified "shall not . . . prevent a court from making a determination regarding the sex offender's level of notification and whether such offender is required by law to be registered" (Correction Law § 168-l [8]).  Considering that defendant was already under a life-long obligation to register as a risk level III sex offender as a result of the 2002 risk level classification, as well as the fact that he was reincarcerated for the majority of the 11-year hiatus in rendering the instant risk level determination, we are unable to conclude that the delay was "'so outrageously arbitrary as to constitute a gross abuse of governmental authority'" (People v Wilkes, 53 AD3d at 1074, quoting People v Meyers, 16 Misc 3d 115, 118 [2007]; see People v Martin, 119 AD3d 1385, 1385 [2014], lv denied 24 NY3d 906 [2014]; compare People v Gregory, 71 AD3d 1559, 1560 [2010]).

Nor are we persuaded that County Court erred in imposing 15 points under risk factor 11 for drug or alcohol abuse.  An assessment of points under that factor is permissible "if an offender has a substance abuse history or was abusing drugs and/or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Harp, 127 AD3d 1529, 1530 [2015]).  Defendant's admissions that he consumed alcohol to self-medicate and experienced blackouts from excessive alcohol use, revealed in the case summary, constitute the requisite clear and convincing evidence to support the assessment of points under this category (see People v Harp, 127 AD3d at 1530; People v Rhodehouse, 77 AD3d 1032, 1033 [2010], lv denied 16 NY3d 701 [2011]; People v Swain, 46 AD3d 1157, 1158-1159 [2007]; People v Whaley, 38 AD3d 1106, 1107 [2007]).  Finally, defendant's contention that he was improperly assigned points under risk factor 10 for recency of prior offense was not preserved for our review (see People v Pace, 121 AD3d 1315, 1316 [2014], lv denied 24 NY3d 914 [2015]; People v Beames, 71 AD3d 1300, 1301 [2010]; People v Coleman, 45 AD3d 1118, 1118 [2007], lv denied 10 NY3d 705 [2008]).  In any event, even were we to accept his challenges to the 25 points assigned for both of these risk factors, defendant would still

remain a presumptive risk level II sex offender subject to the presumptive override to a risk level III classification.

Garry, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court