*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 19, 2015          518658
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DAVID SNYDER,
                        Appellant.
_____

Calendar Date:   October 19, 2015

Before:   McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

        Martin J. McGuinness, Saratoga Springs, for appellant.

        Glenn MacNeill, Acting District Attorney, Malone (Gary
Pasqua of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the County Court of Franklin County
(Main Jr., J.), entered January 6, 2014, which classified
defendant as a risk level III sex offender pursuant to the Sex
Offender Registration Act.

        Following a jury trial in 1996, defendant was convicted of
sexual abuse in the first degree, attempted sexual abuse in the
first degree, sexual abuse in the second degree and sodomy in the
second degree and sentenced to an aggregate prison term of 6 to
18 years.  The charges stem from defendant's conduct in
subjecting two children, ages 8 and 11, to repeated sexual abuse.
In anticipation of his release from prison upon the maximum
expiration of his prison sentence, the Board of Examiners of Sex
Offenders prepared a risk assessment instruments presumptively

classifying him as a risk level III sex offender (140 points) and recommended against a departure. The People adopted this recommendation while defendant opposed any risk level classification, maintaining his innocence. County Court thereafter classified him as a risk level III sex offender with a designation as a sexually violent sex offender. Defendant appeals.

We affirm. Defendant argues that the People failed to establish that the crimes were separated by a 24-hour period of time, as required by risk factor 4 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). Defendant did not raise this specific contention at the Sex Offender Registration Act hearing and, therefore, it is unpreserved (see People v Windham, 10 NY3d 801, 802 [2008]; People v Oginski, 35 AD3d 952, 953 [2006]).

We do find that 15 points were appropriately assessed for risk factor 11, a history of "[d]rug or [a]lcohol abuse," based upon defendant's substance abuse history (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]), notwithstanding his completion of a substance abuse program (see People v Tumminia, 112 AD3d 1002, 1003 [2013], lv denied 22 NY3d 864 [2014]). As reflected in the case summary and presentence report, defendant scored in the "alcoholic range" in an alcohol screening test and was diagnosed as alcohol dependent during outpatient rehabilitation, constituting clear and convincing evidence to support the assessment of points under this factor (see People v Gallagher, 129 AD3d 1252, 1254 [2015], lv denied 26 NY3d 908 [2015]; People v Harp, 127 AD3d 1529, 1530 [2015]; see also People v Palmer, 20 NY3d 373, 377-378 [2013]).

Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court