## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 19, 2015                 519804
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DOUGLAS R. GRIEST,
                    Appellant.
_____

Calendar Date:  October 15, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.

_____

    Abbie Goldbas, Utica, for appellant.

    Mark D. Suben, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.

_____

Egan Jr., J.

    Appeal from an order of the County Court of Cortland County (Campbell, J.), entered May 22, 2014, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

    In 2006, defendant pleaded guilty to attempted rape in the first degree and was sentenced to a prison term of 10 years with five years of postrelease supervision.  The underlying charges stemmed from allegations that he repeatedly had sexual intercourse with a 12-year-old female relative when he was 33 years old.  In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying him as a risk level III sex offender (130 points) and recommended against a

departure. The People adopted this recommendation, and County Court thereafter classified defendant as a risk level III sex offender with a designation as a sexually violent offender (see Correction Law § 168-a [3], [7] [b]). Defendant now appeals.

We affirm. Contrary to defendant's assertion, County Court did not err in imposing 15 points under risk factor 11 for drug or alcohol abuse. "An offender who has a substance abuse history or was abusing drugs and/or alcohol at the time of the offense may be assessed points" under factor 11 (People v Harp, 127 AD3d 1529, 1530 [2015] [internal quotation marks and citations omitted]; see People v Gallagher, 129 AD3d 1252, 1253-1254 [2015], lv denied 26 NY3d 908 [2015]; see also People v Palmer, 20 NY3d 373, 377-378 [2013]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). Here, the assessment of points under risk factor 11 was supported by clear and convincing evidence in the record, including information in the case summary and presentence investigation report revealing defendant's extensive history of alcohol abuse (see People v Gallagher, 129 AD3d at 1254; People v Snay, 122 AD3d 1012, 1013 [2014], lv denied 24 NY3d 916 [2015]; see also Correction Law § 168-n [3]). Defendant's participation in a substance abuse treatment program while incarcerated does not require a contrary conclusion (see People v Tumminia, 112 AD3d 1002, 1003 [2013], lv denied 22 NY3d 864 [2014]; People v Good, 88 AD3d 1037, 1038 [2011], lv denied 18 NY3d 802 [2011]), and "his recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (People v Warren, 42 AD3d 593, 594, [2007], lv denied 9 NY3d 810 [2007]).

We are similarly unpersuaded by defendant's challenge to the assessment of 10 points under risk factor 13 for unsatisfactory conduct while confined. The case summary reflects that defendant was disciplined in 2013 for possessing pornography in a classroom setting, which resulted in a tier III violation. Thus, we find that defendant was properly assessed points under this risk factor (see People v Correnti, 126 AD3d 681, 681 [2015]; People v Williams, 100 AD3d 610, 611 [2012], lv denied 20 NY3d 859 [2013]; People v Thomas, 59 AD3d 783, 785 [2009]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]).

Garry, J.P., Rose and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court