The People of the State of New York, Respondent, 
against
Hector Rodriguez, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, Bronx County (Megan Tallmer, J.), entered October 20, 2011, which, after a hearing, adjudicated him a level three sex offender, and designated him a predicate sex offender, pursuant to the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Megan Tallmer, J.), entered October 20, 2011, affirmed.
Since defendant did not argue before the SORA court that the extensive delay between the imposition of his probationary sentence and the scheduling of his SORA hearing violated his right to due process, that claim is unpreserved, and we decline to review it in the interest of justice. Were we to review this contention, we would reject it. Correction Law § 168—l(8) provides that a failure by a state or local agency to act or by a court to render a determination within the time period specified by the Sex Offender Registration Act shall not affect the obligation of a sex offender to register or verify under SORA, nor shall such failure prevent a court from making a determination regarding the sex offender's level of notification. Furthermore, considering that defendant was already under an obligation to register as a sex offender as a result of a 1996 conviction, we are unable to conclude that the delay herein was " so outrageously arbitrary as to constitute gross abuse of governmental authority'" (People v Wilkes, 53 AD3d 1073 [2008], lv denied 11 NY3d 710 [2008]; People v Gonzalez, 138 AD3d 814 [2016], lv denied 27 NY3d 913 [2016]; People v Gallagher, 129 AD3d 1252, 1253 [2015], lv denied 26 NY3d 908 [2015]).
The court properly exercised its discretion when it declined to grant a downward departure from defendant's presumptive risk level to level two (see People v Gillotti, 23 NY3d 841 [2014]), given the seriousness of the underlying sex crime committed against defendant's 7-year old stepdaughter and defendant's serious criminal history (see People v Beyah, 76 AD3d 917 [2010], lv denied 15 NY3d 716 [2010]), including prior sex offenses involving minors. The 52-year old defendant's claim that his age minimizes his risk of reoffense is unpersuasive (see People v Lalji, 133 AD3d 427, 428 [2015], lv denied 26 NY3d 917 [2016]). Nor was a downward departure warranted based on defendant's stable living condition and a reliable job [*2]because such factors were already taken into account in the risk assessment instrument and, as such, do not provide a basis for a downward departure (see People v Cabrera, 91 AD3d 479, 480 [2012], lv denied 19 NY3d 801 [2012]).
Defendant's present objection to being designated a predicate sex offender is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we conclude that it is without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 16, 2017