People v Simons (2018 NY Slip Op 00200)





People v Simons


2018 NY Slip Op 00200


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

521835

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRUCE L. SIMONS, Appellant.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Jay L. Wilbur, Public Defender, Binghamton (Michael T. Baker of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Mariah S. Foster, Law Intern), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Broome County (Smith, J.), entered September 29, 2015, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2014, defendant pleaded guilty to rape in the third degree, stemming from him having sexual intercourse with a 14-year-old girl, and was sentenced to two years in prison, to be followed by five years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying defendant as a risk level two sex offender (75 points) and recommended against a departure.
Following a hearing, County Court adopted the Board's risk factor scoring, denied defendant's request for a downward departure and classified defendant as a risk level two sex offender. Defendant now appeals.
We affirm. We reject defendant's contention that County Court erred in assessing 15 points under risk factor 11 for his history of alcohol abuse. "An offender who has a substance abuse history or was abusing drugs and/or alcohol at the time of the offense may be assessed points" (People v Harp, 127 AD3d 1529, 1530 [2015] [internal quotation marks and citations omitted]; accord People v Griest, 133 AD3d 1062, 1062 [2015]). Here, there is clear and convincing evidence in the record to support the assessment of points in this risk factor, [*2]including defendant's admissions in the Michigan Alcoholism Screening Test administered by the Department of Corrections and Community Supervision that he has suffered blackouts due to drinking, that he participated in an alcohol treatment program prior to his incarceration, as well as the fact that he has been convicted of driving while intoxicated and was recommended for an alcohol abuse treatment program while in prison (see People v Gallagher, 129 AD3d 1252, 1254 [2015], lv denied 26 NY3d 908 [2015]; People v Harp, 127 AD3d at 1530; People v Englant, 118 AD3d 1289, 1289 [2014]).
Defendant also argues that he should not have been assessed 15 points under risk factor 9 based upon a felony conviction in Pennsylvania. The record reflects that defendant was convicted in Pennsylvania of theft by deception as a felony in the third degree (see 18 Pa. C.S.A. §§ 3903 [a.1]; 3922) after he stole a motor vehicle, and he was assessed 15 points under risk factor 9 as a result. Although he argues that the crime in Pennsylvania would not have been a felony in New York, a conviction in Pennsylvania of theft by deception in the third degree stemming from the theft of a motor vehicle is within the scope of grand larceny in the fourth degree in New York, a class E felony (see Penal Law § 155.30; 18 Pa. C.S.A. § 3903 [a.1]). Therefore, the assessment of 15 points for a history of a nonviolent felony under risk factor 9 was warranted (see People v Galindo, 107 AD3d 603, 604 [2013]; see generally Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 752 [2007]).
We also reject defendant's contention that County Court should have granted his request for a downward departure from the presumptive risk level. While we agree with defendant that the court should have applied a preponderance of the evidence standard to his request, rather than a clear and convincing evidence standard (see People v Gillotti, 23 NY3d 841, 860-861 [2014]), remittal is unnecessary inasmuch as the record is sufficient to enable this Court to review defendant's contentions under the proper standard (see People v Loughlin, 145 AD3d 1426, 1427-1428 [2016], lv denied 29 NY3d 906 [2017]; see generally People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]).
Defendant argues that the lack of a sexual component to his Pennsylvania crime merits a downward departure. According to the risk assessment guidelines, however, "[a]n offender's prior criminal history is significantly related to his [or her] likelihood of sexual recidivism" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]). While an offender who has a history of violent crimes or sex offenses is considered to have the highest likelihood of sexual recidivism and are scored the maximum 30 points under the guidelines, an offender with a prior history of a nonviolent felony, like defendant, is still considered to be at risk of recidivism and is assessed 15 points (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]). In light of the foregoing, defendant has not proved the existence of a mitigating factor not adequately taken into consideration by the risk assessment guidelines by a preponderance of the evidence to warrant a downward departure, inasmuch as the risk assessment guidelines account for defendant's claim regarding the potential for sexual recidivism for offenders with a nonviolent felony history with no sex offenses (see generally People v Scone, 145 AD3d 1327, 1329 [2016]; People v Filkins, 128 AD3d 1231, 1231-1232 [2015], lv denied 26 NY3d 904 [2015]).
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.