People v Wilson (2018 NY Slip Op 08596)





People v Wilson


2018 NY Slip Op 08596


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526228

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEROME WILSON, Appellant.

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the County Court of Ulster County (Savona, J.), entered March 15, 2017, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.
In 1997, while defendant was serving a sentence for a 1984 conviction for murder in the second degree, he pleaded guilty to sexual abuse in the first degree. The sexual abuse charge stemmed from him subjecting a female correctional facility employee to sexual contact by forcible compulsion. Defendant was sentenced to a five-year prison term, to run consecutively with the sentence he was serving for the murder conviction. The Board of Parole subsequently scheduled defendant for an open release date and, in anticipation of his release, the Board of Examiners of Sex Offenders (hereinafter Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level three sex offender (110 points). Following a hearing, County Court accepted the Board's risk assessment scoring, denied defendant's request for a downward departure and classified defendant as a risk level three sex offender and a sexually violent offender. Defendant appeals.
We affirm. Defendant's sole claim on appeal is that a downward departure to a risk level two is warranted. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Kemp, 163 AD3d 1339, 1341 [2018] [internal quotation marks, brackets and citation omitted]; see People v Middlemiss, 153 AD3d 1096, 1098 [2017], lv denied 30 NY3d 906 [2017]). Even if such a mitigating factor exists, the court then must make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of the defendant's [*2]"dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Kemp, 163 AD3d at 1340).
In support of a downward departure, defendant cites to a letter of support from the correctional facility's coordinating chaplain, who opined that, in the past six years, defendant has shown no signs of aggression. County Court considered the chaplain's letter, but the record also reflects that defendant's prison disciplinary history consists of 14 tier II violations and 15 tier III violations, including sex offenses against a facility nurse in 2009 and a physician's assistant in 2008. Although defendant also contends that any issue he had with substance or alcohol abuse, as scored in risk factor 11, was in the distant past and that he has been sober for decades, we note that he has been in prison for the entire time and a "history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (People v Warren, 42 AD3d 593, 594 [2007], lv denied 9 NY3d 810 [2007]; see People v Griest, 133 AD3d 1062, 1063 [2015]). Finally, defendant argues that he was participating in sex offender treatment in the weeks prior to his release date and that he was unable to complete the program because he was confined after a disciplinary violation, mitigating a finding in risk factor 12 of the risk assessment instrument that he had not accepted responsibility (see generally People v Ford, 25 NY3d 939, 941 [2015]). We note, however, that defendant was in prison for 19 years after his 1997 sex crime conviction and was unsuccessfully discharged from sex offender treatment on several occasions. Defendant has not explained the reasons for being discharged from the programs, other than the most recent instance, and the record reflects that he continued to sexually offend correctional facility employees in the years following his conviction. Under these circumstances, the fact that he could not complete the program in the days prior to his open release date because of a disciplinary violation is not a mitigating factor warranting a reduction in his sex offender status. Finally, the remaining alleged mitigating factors identified by defendant, to the extent that they were raised before County Court and, therefore, are preserved for our review (see People v Rupnarain, 123 AD3d 1387, 1388 [2014]), have been considered and do not warrant a downward departure from the presumptive risk level.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.