People v Lumpkin (2019 NY Slip Op 00628)





People v Lumpkin


2019 NY Slip Op 00628


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-02141

[*1]People of State of New York, respondent,
v
Todd Lumpkin, also known as Todd Lumpkins, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jill A. Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (John B. Latella, J.), dated February 4, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Correction Law § 168-l(8) provides that a failure by a state or local agency to act or by a court to render a determination within the time period specified by the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) shall not affect the obligation of a sex offender to register or verify under SORA, nor shall such failure prevent a court from making a determination regarding the sex offender's risk level.
Contrary to the defendant's contention, the delay in holding a hearing to determine his risk level pursuant to SORA was not so " outrageously arbitrary'" as to constitute a gross abuse of governmental authority (People v Sprinkler, 162 AD3d 802, 802, quoting People v Gonzalez, 138 AD3d 814, 815; see People v Gallagher, 129 AD3d 1252, 1253; People v Wilkes, 53 AD3d 1073, 1074; cf. People v Gregory, 71 AD3d 1559, 1560).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court