People v Diaz (2020 NY Slip Op 51210(U))

[*1]

People v Diaz (Neftali)

2020 NY Slip Op 51210(U) [69 Misc 3d 132(A)]

Decided on October 21, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

19-179

The People of the State of New York,
Respondent, 
against
Neftali Thomas Diaz,
Defendant-Appellant.

In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the
City of New York, New York County (Ann E. Scherzer, J., at suppression motion and plea; Josh
E. Hanshaft, J. at sentencing), rendered June 7, 2018, convicting him, upon his plea of guilty, of
forcible touching, and imposing sentence and (2) an order of the same court (Judy H. Kim, J.),
dated November 9, 2018, which, after a hearing, designated him a level two sex offender under
the Sex Offender Registration Act (Correction Law art. 6-C).

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J., at suppression hearing and plea; Josh E.
Hanshaft, J. at sentencing), rendered June 7, 2018, affirmed. Order (Judy H. Kim, J.), dated
November 9, 2018, affirmed.
The court properly denied defendant's suppression motion. Defendant's contention that the
arresting officer's testimony was incredible as a matter of law is unpreserved for appellate review
since he did not raise this argument at the suppression hearing (see CPL 470.05[2]). We
decline to review this claim in the interest of justice. As an alternative holding, the officer's
testimony that he observed defendant grind his groin into the buttocks of two woman on a
crowded subway platform within a very short period of time was not incredible as a matter of law
(see People v Garafolo, 44 AD2d 86, 88 [1974]) and provided probable cause for his
arrest for the crime of forcible touching (see People v Guaman, 22 NY3d 678, 684 [2014]; People v Levingston, 66 Misc 3d
148[A], 2020 NY Slip Op 50254[U] [App Term, 1st Dept 2020], lv denied 35 NY3d
971 [2020]) and the seizure of his clothing (see People v Redda, 172 AD2d 419, 420
[1991]).
Defendant's contention that his guilty plea was not knowing, intelligent and voluntary
because the plea court failed to inquire into his mental state at the time of the plea is unpreserved
for our review, since he failed to raise the issue prior to sentencing (see CPL 440.10;
People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Buie, 128 AD3d 1281 [2015]). The narrow exception to
the preservation rule is not applicable because nothing in the record cast significant doubt on the
knowing or voluntary nature of defendant's guilty plea (see People v Diaz, 112 AD3d 423, 424 [2013], lv denied 23
NY3d 1036 [2014]). As an alternative holding, we reject [*2]defendant's contention on the merits. The record establishes that
defendant entered his plea knowingly, intelligently and voluntarily, and there was nothing in the
record to suggest that defendant's ability to make a valid plea was impaired in any way by any
unspecified mental condition and defendant's assertions in this regard rest on speculation (see
People v Rodriguez, 83 AD3d 449 [2011], lv denied 17 NY3d 800
[2011]).
In any event, the only relief defendant requests is a dismissal of the accusatory instrument,
and he expressly requests that this Court affirm his conviction if it does not grant a dismissal.
Since dismissal is not warranted, we affirm on that basis as well (see People v Conceicao, 26 NY3d
375, 385 n [2015]).
The SORA court properly adjudicated defendant a level two sex offender. Defendant's
challenge to the 15-point assessment under Risk Factor 14 is unavailing, since the court's
sentence of a conditional discharge did not require the strict supervision prescribed in Risk
Factor 14, i.e., supervision by a probation, parole or mental health professional (see Sex
Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). The
CIRT program that defendant completed prior to his sentencing was not a condition of the court's
sentence (see People v Miller, 77
AD3d 1386, 1387 [2010], lv denied 16 NY3d 701 [2011]; People v Lewis, 37 AD3d 689, 690
[2007], lv denied 8 NY3d 814 [2007]). Moreover, Risk Factor 14 relates to the offender's
"Release Environment" which involves an assessment of the offender's prospective work and
living arrangements, not prior behavior (see Sex Offender Registration Act: Risk
Assessment Guidelines and Commentary at 6).
The court providently exercised its discretion in declining to grant a downward departure
from defendant's presumptive risk level to level one (see People v Gillotti, 23 NY3d 841
[2014]). Given defendant's overall criminal record, including two forcible touching convictions
(see People v Callaghan, 56 AD3d
363 [2008], lv denied 12 NY3d 702 [2009]), his participation in the sex offender
treatment program did not warrant such a departure (see People v Guardiola, 143 AD3d 519 [2016], lv denied 28
NY3d 912 [2017]), nor do any of the other factors described by defendant, which were already
taken into account in the risk assessment instrument and, as such, provide no basis for a
downward departure (see People v
Diaz, 143 AD3d 552, 553 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 21, 2020