People v Justin C. (2021 NY Slip Op 50040(U))

[*1]

People v Justin C.

2021 NY Slip Op 50040(U) [70 Misc 3d 135(A)]

Decided on January 22, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

15-246

The People of the State of New York,
Respondent, 
against
Justin C., Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Felicia A. Mennin, J.) rendered September 3, 2014, convicting him, upon a plea of
guilty, of climbing, jumping or suspending of oneself from structures prohibited, and imposing
sentence.

Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered September 3, 2014, affirmed.
Defendant did not preserve his challenge to his plea allocution, and we decline to review it in
the interest of justice (see People v Lopez, 71 NY2d 662, 665-666 [1988]). The narrow
exception to the preservation rule is not applicable because nothing in the record cast significant
doubt on the knowing or voluntary nature of defendant's guilty plea (see People v Buie, 128 AD3d 1281
[2015]; People v Diaz, 69 Misc 3d
132[A], 2020 NY Slip Op 51210[U][App Term, 1st Dept 2020]). 
As an alternative holding, we find that the plea was knowing, intelligent and voluntary. At
the plea proceeding, defendant admitted he was guilty of violating New York City
Administrative Code § 10-167, stated that he had an opportunity to discuss his case with
counsel, and waived specific constitutional rights, including the right to trial, the right to question
the People's witnesses and the right to remain silent (see People v Conceicao, 26 NY3d 375, 383 [2015]). Defendant also
executed a form acknowledging receipt of a written copy of the terms of the conditional
discharge and its expiration date (see CPL 410.10[1]; People v Valentin, 66 Misc 3d 136[A], 2020 NY Slip Op
50044[U][App Term, 1st Dept 2020], lv denied 35 NY3d 945 [2020]) and his contention
that the plea was invalid because he was not informed of the requirement of his conditional
discharge that he lead a law-abiding life for one year is unavailing (see People v Rivera, 67 Misc 3d
140[A], 2020 NY Slip Op 50702[U] [App Term, 1st Dept 2020], lv denied 36 NY3d
931 [2020]; People v Cecilio, 65
Misc 3d 148[A], 2019 NY Slip Op 51829[U] [App Term, 1st Dept 2019]), lv denied
34 NY3d 1127 [2020]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 22, 2021