People v Petterson (2023 NY Slip Op 51118(U))

[*1]

People v Petterson (Rason)

2023 NY Slip Op 51118(U)

Decided on October 23, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 23, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570090/17

The People of the State of New York, Respondent,
against
Rason Petterson, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Lyle E. Frank, J.), dated January 27, 2017, which, after a hearing, designated him a level two sex offender under the Sex Offender Registration Act (Correction Law art 6-C).

Per Curiam.
Order (Lyle E. Frank, J.), dated January 27, 2017, affirmed.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factor cited by defendant and properly preserved for review - i.e his release to the Intensive Mobile Treatment Center ("IMT") as a result of a separate non-qualifying conviction, was outweighed by other aggravating factors that weigh against a downward departure (see People v Sincerbeaux, 27 NY3d 683, 690 [2016). These factors include defendant's extensive criminal history that encompassed two forcible touching convictions, the second of which involved an incident that occurred less than two months after his first conviction (see People v Diaz, 69 Misc 3d 132[A], 2020 NY Slip Op 51210[U] [App Term, 1st Dept 2020], affd 210 AD3d 442 [2022]).
Defendant's contention that he was entitled to a downward departure because he was overassessed 40 points for the prior sex crime and the recency of that crime was not raised at the SORA hearing, and is therefore unpreserved for appellate review (see People v Rosales, 133 AD3d 733 [2015], lv denied 26 NY3d 919 [2016]; People v Brown, 122 AD3d 536 [2014], lv denied 24 NY3d 915 [2015]). In any event, the claim is without merit, as the prior sex crime and its recency are taken into account under risk factors 9 and 10 (see People v Garcia, 192 AD3d 833 [2021], lv denied 37 NY3d 910 [2021]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]), and defendant failed to demonstrate any overassessment of the risk he posed to public safety or risk of reoffense.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 23, 2023