People v Simmons (2025 NY Slip Op 50065(U))

[*1]

People v Simmons (Willie)

2025 NY Slip Op 50065(U) [85 Misc 3d 126(A)]

Decided on January 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 24, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570424/17

The People of the State of New
York, Respondent,

against

Willie Simmons,
Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York,
New York County (Stephen Antignani, J.), dated May 31, 2017, which, after a hearing,
adjudicated him a level three sex offender, pursuant to the Sex Offender Registration Act
(Correction Law art. 6-C).

Per Curiam.

Order (Stephen Antignani, J.), dated May 31, 2017, affirmed.

The three-year delay between the underlying forcible touching conviction and the
SORA hearing did not violate defendant's right to due process (see People v Collier, 223
AD3d 539 [2024], lv denied 42 NY3d 962 [2024]). The delay was
inadvertent, defendant was on notice of the SORA registration requirement and there is
no indication that he was prejudiced by the delay. Considering that defendant was
already under a life-long obligation to register as a level-three sex offender as a result of
a February 2009 conviction of attempted first-degree sexual abuse involving a nine
year-old victim, as well as the fact that he was incarcerated during a majority of the delay
period, the three-year delay herein was not so outrageously arbitrary as to constitute a
gross abuse of governmental authority (id. at 540; People v Gallagher, 129
AD3d 1252, 1253 [2015], lv denied 26 NY3d 908 [2015]; People v Wilkes, 53 AD3d
1073, 1074 [2008], lv denied 11 NY3d 710 [2008]).

Nor is defendant entitled to a downward departure. The mitigating factors now cited
by defendant were outweighed by other aggravating factors that weigh against a
downward departure (see People
v Sincerbeaux, 27 NY3d 683, 690 [2016]), including defendant's extensive
criminal history (see People v
Diaz, 69 Misc 3d 132[A], 2020 NY Slip Op 51210[U] [App Term, 1st Dept
2020], affd 210 AD3d 442 [2022]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: January 24, 2025