People v Terry (2025 NY Slip Op 05362)

People v Terry

2025 NY Slip Op 05362

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

642 KA 24-01587

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMONT TERRY, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ASHLEY WILLIAMS, DISTRICT ATTORNEY, GENESEO, FOR RESPONDENT. 

 Appeal from an order of the Livingston County Court (Jennifer M. Noto, J.), dated July 18, 2024. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk to a level three risk. We reject that contention. " 'The court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument' " (People v Tidd, 128 AD3d 1537, 1537 [4th Dept 2015], lv denied 25 NY3d 913 [2015]; see People v Swartz, 216 AD3d 1426, 1428 [4th Dept 2023], lv denied 40 NY3d 906 [2023]; People v Sczerbaniewicz, 126 AD3d 1348, 1349 [4th Dept 2015]). As the court determined, an upward departure was warranted based on crimes defendant committed after his release from prison on the qualifying offense, including failing to register as a sex offender in North Carolina (see People v Wright, 215 AD3d 1258, 1259-1260 [4th Dept 2023], lv denied 40 NY3d 904 [2023]; People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018]).
Defendant's subsequent criminal history indicates that he "poses an increased risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]; see generally People v Milks, 28 AD3d 1163, 1164 [4th Dept 2006]), and we cannot conclude that the court, in weighing the aggravating and mitigating factors, abused its discretion in granting a two-level upward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court